IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LA'JADE EVANS,

    *Plaintiff*,

v.                                             Case No.: 1:21cv110-MW/GRJ

MICKAELA BAILEY, et al.,

    *Defendants*.
_____/

**ORDER ACCEPTING AND ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation. ECF No. 14. The parties have not filed objections.

After careful review, this Court accepts—with one exception—the Magistrate Judge's well-reasoned Report and Recommendation in this difficult case. First, Court pauses to explain that the Magistrate Judge correctly applied the *Rooker-Feldman* doctrine. The Eleventh Circuit has recently emphasized *Rooker-Feldman*'s limited scope; it "means [*only*] that federal district courts cannot review or reject state court judgments rendered before the district court litigation began." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). And so "district courts should keep one thing in mind when *Rooker-Feldman* is raised: it will almost never apply." *Id.*

The Magistrate Judge correctly applied *Rooker-Feldman* here. As the Magistrate Judge explained, *Rooker-Feldman* "bars any attempt to overturn the state court's determination that DJ should be removed from [Plaintiff's] custody and placed elsewhere." ECF No. 14 at 12; *see also Behr*, 8 F.4th at 1213 (explaining that asking a federal court to " 'review and reject' the state court's child custody decision . . . . would be a violation of *Rooker-Feldman*"). But, the Magistrate Judge explained, this Court *can* review "allegations that Plaintiff's constitutional and federal rights were violated during the state-court child custody proceedings." *Id.* at 12–13. Thus, the Magistrate Judge followed the "claim-by-claim approach" that *Rooker-Feldman* requires. *Behr*, 8 F.4th at 1213.

Second, as the Magistrate Judge correctly observed, "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted," a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc).

Still, the Magistrate Judge determined that amendment was futile here because Plaintiff had already received three opportunities to amend. But the problem with Plaintiff's first complaint was that the electronic format she used made some of her

claims unreadable. And, as for the first amended complaint, the problem was that Plaintiff failed to disclose information about the underlying state court action.

So, to say that Plaintiff has had three tries, while technically true, does not totally capture what happened. Because only one of Plaintiff's complaints has been dismissed for failure to state a claim, this Court determines that Plaintiff should have at least one more opportunity to amend.

With these caveats,

**IT IS ORDERED**:

The report and recommendation is **accepted and adopted in part** and **rejected in part**. Plaintiff's complaint is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before **July 21, 2022**. This Court remands this case to the Magistrate Judge for consideration of any amended pleading.

**SO ORDERED on June 24, 2022.**

s/Mark E. Walker
**Chief United States District Judge**
