IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LA'JADE EVANS,

    Plaintiff,

v.                          CASE NO. 1:21-cv-110-MW-GRJ

MICKAEALA BAILEY, et al.,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

This cause is before the Court because *pro se* and in forma pauperis Plaintiff did not file a Fourth Amended Complaint as was permitted by the Court. *See* ECF No. 15. The Court first directed Plaintiff to file the amended pleading on or before July 21, 2022, *id.*, which Plaintiff failed to do. After the deadline for filing the amended complaint had expired, the Court ordered Plaintiff to show cause on or before August 16, 2022, as to why this case should not be dismissed for failure to prosecute and for failure to comply with a court order. ECF No. 16. In that Order, the Court warned Plaintiff that failure to respond by the deadline would result in a recommendation that this case be dismissed, without further notice. *Id.* at 1. That deadline has now passed, and Plaintiff has not filed a response.

The undersigned previously recommended that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  ECF No. 14.  It now appears that Plaintiff has abandoned her case in this Court.  Accordingly, this case is due to be dismissed for failure to prosecute.

The Court has "inherent power to dismiss an action for failure to prosecute."  *Hall v. Infirmary Health Sys.*, No. 06-0791-WS-B, 2008 WL 2874364 (S.D. Ala. Jul. 22, 2008), at *1 (*citing In re Mroz,* 65 F.3d 1567, 1575 n. 9 (11th Cir. 1995); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 19883) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.,* 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *McKelvey v. AT&T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion."). Moreover, Federal Rule of Civil Procedure 41(b) expressly "authorizes a

district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam) (citations omitted).

The Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey,* 789 F.2d at 1520 (citation omitted).  "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth,* 766 F.2d at 1535 (citation and internal quotation marks omitted). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.,* 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Jones,* 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time).

This case, which attacks the State court's resolution of Plaintiff's child custody case, was filed more than one year ago. ECF No. 1. During that time, Plaintiff filed two amended complaints and the Court issued three show cause orders, directing Plaintiff to comply with its prior rulings which Plaintiff generally disregarded. *See* ECF Nos. 6, 8, 11, 16. Because Plaintiff never stated a claim upon which relief could be granted, no Defendant has ever been served in this case.

In its Report and Recommendation, the Court made clear that it lacked power to grant the relief Plaintiff ultimately sought—the return of her minor child into her custody. ECF No. 14. Nevertheless, on June 24, 2022, the Court granted Plaintiff leave to file a fourth amended complaint, yet she chose not to act. On this record, the Court concludes that Plaintiff has abandoned this case and that dismissal is warranted.

Accordingly, and upon due consideration, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for want of prosecution.

**IN CHAMBERS** in Gainesville, Florida this 22nd day of August 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PLAINTIFF**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, Plaintiff waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.